**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000112
24-JUN-2014
09:38 AM**

NOS. CAAP-13-0000112 AND CAAP-13-0003063

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PAUL RICHARD CASSIDAY, Trustee under that certain
Trust Agreement made by Charlotte Harriet
Lucas Cassiday dated February 28, 1974 and
TRACY P. ALLEN, Trustee of the Tracy Allen Trust
dated April 1, 2008 , Plaintiffs-Appellees,
v.
JOAN A. VANNATTA, Defendant-Appellant
and
BANK OF HAWAI'I, a domestic Profit Corporation,
JOHN DOES 1-20, JANE DOES 1-20, and
DOE ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1886-06)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendant-Appellant Joan A. Vannatta (**Vannatta**) appeals
from the (1) January 24, 2013 "Order Granting Plaintiffs' Motion
for Summary Judgment and For Writ of Possession and Writ of
Ejectment Against [Vannatta] Filed September 10, 2012" and the
(2) January 24, 2013 Writ of Possession and Writ of Ejectment
entered in the Circuit Court of the First Circuit[1] (**circuit
court**).

Vannatta contends the circuit court erred by: (1)
considering Cassiday's complaint because it lacked subject matter
jurisdiction pursuant to Hawaii Revised Statutes (**HRS**) § 666-6

_____

[1] The Honorable Virginia L. Crandall presided.

(1993); (2) denying her counsel's second motion for a continuance to complete discovery; and (3) granting Plaintiffs-Appellees Paul Richard Cassiday (**Cassiday**) and Tracy P. Allen's (**Allen**) (together, **Appellees**) motion for summary judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Vannatta's appeal is without merit.

Vannatta contends the circuit court lacked jurisdiction because Cassiday's complaint sought declaratory relief under HRS § 632-1 (1993), which excepts from circuit court jurisdiction those cases for which "a special form of remedy" exists under a separate statute, and that HRS Chapter 666 provided that special remedy in the instant case. HRS § 666-6, provides "summary possession proceedings" shall be prosecuted "in the district courts of the circuit wherein the lands and premises in question are situated." Id.

Under HRS § 666-6, district courts have sole jurisdiction over "actions to dispossess lessees involving short-term rental agreements or other leases that grant lessees solely the right of possession . . . ." Queen Emma Found. v. Tingco, 74 Haw. 294, 305-06, 845 P.2d 1186, 1191 (1992), citing HRS § 666-6.

Vannatta's efforts to distinguish Tingco based on the expiry of her long-term lease are unpersuasive. The action involved Vannatta's holdover tenancy from a long term lease of 55 years, her interest in a house built on the premises, and property taxes previously assessed against Vannatta. The Tingco court considered such factors in concluding that the difference in "sophistication" between mere possessory interests of short term lessees and long-term lessees rendered summary possession proceedings inappropriate to adjudicating disputes concerning the latter. See Tingco, 74 Haw. at 302 n.10, 845 P.2d at 1190 n.10; see also Hawaiian Properties, Ltd. v. Tauala, 125 Hawai'i 176, 183, 254 P.3d 487, 494 (App. 2011) (arrangement under which defendant had a 1% interest in cooperative housing was "clearly,

2

and by design, more complex than the typical short-term landlord-tenant relationship in which the lessee is granted 'solely the right of possession'" and thus was within the circuit court's, and not the district court's, jurisdiction).

Summary possession proceedings under HRS § 666-6 would have been an inappropriate means for disposing of issues raised by Cassiday's complaint. Taula, 125 Hawaiʻi at 183, 254 P.3d at 494; see Tingco, 74 Haw. at 305, 845 P.2d at 1191 ("[L]ong-term residential ground leases . . . cannot be cancelled or forfeited in a district court summary possession action . . . ."). HRS § 666-6 did not provide a statutory exception to provisions for declaratory relief under HRS § 632-1 and therefore the circuit court properly asserted jurisdiction over the case.

Vannatta further contends the circuit court erred by denying her second Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f) motion for a continuance and that this court should review the circuit court's denial of her motion de novo because the circuit court granted Appellees' summary judgment motion prior to denying her HRCP Rule 56(f) motion. Citing Garrett v. City & Cnty. of San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1987). In Garrett, the Ninth Circuit reviewed a federal district court's "fail[ure] to exercise its discretion" when it granted a defendants' motion for summary judgment and thereafter refused to review a plaintiff's motion to compel production of documents because it was "moot[ed]" by prior grant of summary judgment. Garrett, 818 F.2d at 1519.

Here, at the November 7, 2012 hearing, the circuit court orally granted Appellees' motion for summary judgment just prior to stating:

> Yes, the [circuit] court is denying the second request for a [HRCP] Rule 56F continuance. The [circuit] court did review the declaration [by Vannatta's counsel] that was submitted this morning and does not find that it raises issues that would create a genuine issue of material fact as to the [Appellees'] claim for possession of the [Haleola Property].

Unlike Garrett, the circuit court did not conclude that Vannatta's second motion for a continuance was "moot" as a result of the circuit court's grant of summary judgment to Appellees, but rather first reviewed Vannatta's counsel's declaration and

3

found it did not support Vannatta's second HRCP Rule 56(f) motion. Therefore, we review the circuit court's denial of Vannatta's second HRCP Rule 56(f) motion under an abuse of discretion standard. Associates Fin. Services of Hawai'i, Inc. v. Richardson, 99 Hawai'i 446, 454, 56 P.3d 748, 756 (App. 2002).

HRCP Rule 56(f) requires the party opposing a motion for summary judgment to "make an adequate request for a continuance for the purpose of completion of discovery." Acoba v. General Tire, Inc., 92 Hawai'i 1, 12, 986 P.2d 288, 299 (1999). An adequate request for a continuance pursuant to HRCP Rule 56(f) "demonstrate[s] how the requested continuance would enable [the party opposing the motion for summary judgment] through obtained discovery to rebut [the moving parties'] showing of absence of a genuine issue of fact." Richardson, 99 Hawai'i at 454, 56 P.3d at 756.

At the October 3, 2012 hearing on Vannatta's first HRCP Rule 56(f) motion for a continuance, the circuit court proceeded to grant her motion and instructed Vannatta to produce an affidavit or declaration that complied with HRCP Rule 56(f) requirements or conduct discovery. At the November 7, 2012 hearing on Appellees' motions for summary judgment and possession, Vannatta did not contest Appellees' allegation that she had not filed any depositions, notices, or third-party complaints since her first request for a continuance.

Appellees' motion for summary judgment sought a declaration that Vannatta had no interest in the Haleola Property because Appellees were fee-simple owners and a finding that Vannatta would be liable to Appellees for damages and holdover rent in amounts to be determined at a later hearing. Thus, at issue in the summary judgment motion was whether Appellees were fee-simple owners of the Haleola Property; whether their fee-simple ownership entitled them to a writ of possession and writ of ejectment against Vannatta; and whether Vannatta would be liable for damages in an amount to be determined at a later hearing. To comply with HRCP Rule 56(f) requirements, Vannatta's motions for continuances were required to demonstrate how the requested continuance would enable Vannatta to rebut Appellees

4

showing that no genuine issue of material fact existed as to their fee-simple ownership of the Haleola Property or Vannatta's liability for damages related to her continued tenancy. Richardson, 99 Hawai'i at 454, 56 P.3d at 756.

Vannatta's counsel submitted a declaration in support of Vannatta's second HRCP Rule 56(f) motion for a continuance, which stated that he had other legal work requiring his attention, was currently in the process of negotiating with Appellees' counsel, and sought more time to investigate potential disputes as to whether Appellees negotiated in good faith and whether Appellees' Trustee First Hawaiian Bank's (**FHB**) representative intentionally misled Vannatta. Vannatta sought an additional 30 days "to flesh out additional disputed facts and law" and specified disputes that could support potential claims in equity against Appellees' conduct during negotiations for the purchase of the Haleola Property.

Vannatta's identification of potential claims did not raise issues material to the factual question of whether Appellees owned the Haleola Property or if Vannatta had a right to continue to possess the property beyond the termination of the lease. The circuit court did not abuse its discretion by denying Vannatta's second HRCP Rule 56(f) motion for a continuance.

Vannatta contends the circuit court erred by granting Appellees' motion for summary judgment because: (1) "summary judgment cannot be granted without a complete record[;]" and (2) "[Vannatta] presented sufficient evidence of a promissory estoppel defense to defeat [Appellees'] summary judgment motion[.]" (Format altered.) According to Vannatta, a "complete record" would contain information concerning a potential promissory estoppel defense, which she sought to obtain through her second HRCP Rule 56(f) motion for a continuance. Vannatta misstates the requirements for summary judgment. A "complete record" is not required. A motion for summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

HRCP Rule 56(c).

Notwithstanding her contention that further discovery was needed to produce evidence in support of her promissory estoppel claim, Vannatta also contends that she "Presented Sufficient Evidence of a Promissory Estoppel Defense to Defeat Owners' Summary Judgment Motion[.]" Vannatta's second contention is based on the circuit court's alleged failure to recognize FHB's representations regarding the status of negotiations over the Haleola Property sale and lease. These issues are not material to the fact of Appellees' ownership of the Haleola Property, nor do they establish that Appellees are not entitled to a writ of possession or a writ of ejectment as a matter of law.

Appellees were entitled to judgment and a writ of possession if they proved to the satisfaction of the court that they were entitled to possession of the premises. See HRS § 666-11 (Supp. 2013). Appellees' entitlement to possession of the Haleola Property and Vannatta's liability for remaining on the premises was established by the following undisputed record evidence:

(1) the 1954 document conveying the Haleola Property to a Trust;

(2) the 1956 Lease between the Hawaiian Trust Company, acting as Trustee, with Ray S. Shirai, as Lessee, for 55 years;

(3) Shirai's 1957 assignment to Vannatta and her husband;

(4) the 1974 Cassiday and 1974 Mary Pfleuger Trust documents, conveying their respective interests from the 1954 Trust;

(5) the 1997 Warranty Deed, conveying to Cassiday and James Pflueger two-thirds and one-third interest in the Haleola Property, respectively;

(6) the 2012 Quitclaim Deed conveying an undivided one-third interest in the Haleola Property from the James Pflueger Trust to Allen, acting as Trustee of the Tracy Allen Trust; and

(7) that Vannatta remained on the premises after the 55 year lease expired on October 31, 2011. The circuit court did not err in granting Appellees' motion for summary judgment.

6

Therefore,

IT IS HEREBY ORDERED that the January 24, 2013 "Order Granting Plaintiffs' Motion for Summary Judgment and For Writ of Possession and Writ of Ejectment Against Defendant Joan Vannatta Filed on September 10, 2012" and January 24, 2013 Writ of Possession and Writ of Ejectment entered in the Circuit Court of the First Circuit in favor of Appellees are affirmed.

DATED: Honolulu, Hawai'i, June 24, 2014.

On the briefs:

Jack Schweigert
for Defendant-Appellant.

Kevin S.W. Chee
Devon I. Peterson
Joely A.A. Chung
(Chee Markham & Feldman)
for Plaintiffs-Appellees.

Presiding Judge

Associate Judge

Associate Judge